UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DORIS BEELER,     Plaintiff,

v.     Civil Action No. 3:15-cv-823-DJH

DR. GARY VITALE,     Defendants.

\* \* \* \* \*

### **MEMORANDUM OPINION**

Plaintiff Doris Beeler filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). However, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

In her complaint, Plaintiff states the grounds for filing this case in federal court are that "there were three unnecessary operations done on Lon which lead to his death." The complaint then briefly describes the circumstances surrounding the operations. The complaint does not allege a violation of federal law that would invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331, and the Court cannot discern any possible federal claim stemming from Plaintiff's allegations. To the contrary, Plaintiff appears to assert a purely state-law claim for medical malpractice. Medical malpractice, no matter how egregious, is not a federal claim.

In addition, the allegations in Plaintiff's complaint fail to establish that the Court may exercise diversity jurisdiction over the alleged state-law claim. A federal district court has jurisdiction over a complaint asserting only state-law claims if the suit is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The general rule is that diversity is determined at the time of the filing of a lawsuit. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). Even if the Court were to assume that the requisite amount in controversy was at stake, Plaintiff's allegations show that she and Defendant are both residents of Kentucky. Thus, this Court lacks subject-matter jurisdiction based upon diversity of citizenship.

For the foregoing reasons, Plaintiff's complaint will be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3). The Court will enter an Order consistent with this Memorandum Opinion.

Date:  May 10, 2016

                                        **David J. Hale, Judge**
                                      **United States District Court**

cc:     Plaintiff, *pro se*
          Defendant
4415.011